Judge Roane.
I concur in the opinion just delivered y on the ground that the appellee permitted Massenbutg to sell the lot in question to the appellant. He not only gave this permission, but did it under an expectation of receiving his debt from another quarter; the prospect of which, form-, ed the consideration, or inducement, on which the permission was given. It was competent for him to give up his lien arising from the mortgage, and to look to another fund for payment; and it is pf no consequence that that fund has •been found delusory and insufficient. Neither is it of any consequence that the appellant was not privy to, or conusant of the-particular transaction by which the release was effected. As well might it be said that a subsequent purchaser or incumbrancer cannot receive the benefit resulting from, 'an actual payment of the mortgage money, qnless he had ■notice thereqf, or was a' party thereto. That case differs from the present only in degree.: in principle they are the same. The one is that of an actual payment of the money: the other is equivalent to a payment, in favour of the subset quent purchaser, by construction and operation of law. Iq all questions touching the payment or discharge of a mort- . gage, the mortgagor and mortgagee are the proper and sufficient parties ; although the case may be made more strong in favour of the subsequent purchaser, by making him a party thereto also,
In permitting Massenburg to sell, the appellee consented to abandon the mortgage: otherwise he would take advan-. ,tage of a fraud committed by himself, or at least perpetrated under his own permission and procurement: for Massenburg was not only permitted and encouraged by him to sell, but the appellant was also, in some degree, induced by him to purchase; for his (the appellee’s) acts, in permitting Massenburg to sell, as his own, property comprised in the. mortgage, had a tendency to inspire the. appellant, (in common with others,) with a belief that the mortgage had been satisfied. It would be monstrous, therefore, to permit the appellee now to disturb a contract, in which the one party, had been encouraged to sell, and the othei; induced to pur-. *359 Chase, the subject in controversy, by acts of permission or connivance flowing from himself.
On these grounds, and without passing- any opinion as to the justness of the debt Which is purported by the mortgage to be due to the appellee, I am of opinion to reverse the decree, and declare the mortgage void as to the appellant and those claiming under him.
Judge Fleming.
Not being convinced that the decree of the Superior Court of Chancery, affirming those of the County Court of James City, is erroneous, but having doubts on the subject, I am of opinion that the same ought to be affirmed ; and, without fully discussing the various circumstances of the case, shall only remark, that the mortgage to the appellee having been recorded in due time, was sufficient notice to any subsequent purchaser, and to all the world ; and, more especially, as the mortgaged premises lay in the very town ■where the same was recorded. It was urged, however, in the argument, that, in equity, a mortgage may be released verbally ; but, in my conception, no such release appears in the record : for, where the subject of a mortgage consists of a variety of articles, both real and personal, a mortgagee may certainly relinquish a fiart thereof, without releasing or forfeiting the whole.
But a majority of the court being of a different opinion, the following decree is to be entered.
The decree is reversed with costs ; and this court proceeding to make such decree as the said Superior Court of Chancery ought to have pronounced, it is decreed and ordered that the deed of mortgage in the bill mentioned be vacated and annulled, so far as it respects the appellant, and all those claiming under him ; and that the appellee do release, and convey to the appellant, by proper assurances in law, with special warranty, all his estate in the house and lot in the bill and proceedings mentioned, ■